### UNITED STATES v. LIES et al.

(Circuit Court of Appeals, Second Circuit. May 12, 1896.)

CUSTOMS ADMINISTRATIVE ACT—PRACTICE—REVIEW OF DECISION OF GENERAL APPRAISERS.

When the board of general appraisers, upon the protest of an importer against a collector's classification of imported merchandise, has sustained such protest in one particular, and in all others affirmed the collector's decision, and the importer has thereupon duly applied to the circuit court for a review of the questions involved, no statement of errors being filed by the government, the court cannot, upon the importer's conceding that there was no error in the decision of the board of general appraisers, proceed to review that decision, so far as favorable to the importer, but must affirm it as it stands.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Henry C. Platt, for the United States.

Wm. Wickham Smith, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. A certain importation of leaf tobacco was classified for duty by the collector at the port of New York,— certain portions at 75 cents per pound, and certain other portions at 35 cents per pound. The importers, being dissatisfied with such decision, did, within the proper time, in compliance with the provisions of section 14 of the customs administrative act of June 10, 1890, "give notice in writing to the collector, setting forth therein distinctly and specifically  *  *  *  the reasons for their objections thereto." The collector thereupon transmitted the invoice, and all the papers and exhibits connected therewith, to the board of general appraisers. That board in one particular sustained the protest of the importers, and in all other particulars affirmed the decisions of the collector. Being dissatisfied with the decision of the board, the importers applied to the circuit court for a review of the questions of law and fact involved in such decision, and filed, as the fifteenth section of the above-cited act requires, "a concise statement

of the errors of law and fact complained of." Before the case was reached for hearing in the circuit court, a decision of the supreme court was reported, which satisfied the importers that they had no chance of success. Therefore, when the case was called, they conceded in open court that there was no error in the decision of the board of general appraisers, and the court adjudged that "the decision of the board of general appraisers be, and the same is hereby, in all things, affirmed." The district attorney, on behalf of the United States, insisted in the circuit court that that court should review the decision of the board, so far as it was favorable to the importers. This the court refused to do, and the United States has appealed from such decision.

The circuit court was clearly right. Section 14 provides that the decision of the board of general appraisers—

"Shall be final and conclusive upon all persons interested, and the record shall be transmitted to the proper collector * * * who shall liquidate the entry accordingly, except in cases where an application shall be filed in the circuit court within the time and manner provided for in section fifteen of this act."

Section 15 provides that:

"If the owner, importer, consignee, or agent of imported merchandise, or the collector, or the secretary of the treasury shall be dissatisfied with the decision of the board of general appraisers, as provided for in section fourteen of this act, as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, they, or either of them, may, within thirty days next after such decision, and not afterwards, apply to the circuit court * * * for a review of the questions of law and fact involved in such decision. Such application shall be made by filing in the office of the clerk of said circuit court a concise statement of the errors of law and fact complained of, and a copy of such statement shall be served on the collector or on the importer, owner, consignee or agent, as the case may be."

The elaborate argument submitted upon the question whether or not the board of general appraisers is a court, and whether congress had power, under the constitution, to clothe it with judicial powers, is irrelevant. Congress has expressly provided, as it had the undoubted right to do, that the decision of the collector as to rate and amount of duties on imported merchandise shall be final and conclusive unless these questions are brought before the board of general appraisers in the manner provided in the act, and that the decision of the board shall be final and conclusive except when application for a review is made to the circuit court in the manner provided in the act. Names are nothing. It is immaterial whether this is called an "appeal," or a "review," or a "transmission of the case." Any person who is dissatisfied with a decision of the board must set forth his grounds of dissatisfaction, and file the same in the circuit court, and may apply to that court for a review "within thirty days next after such decision, and not afterwards." If he fail to apply for a review within the time limited, his remedy in the circuit court is lost. The case at bar is clearly distinguishable from Grisar v. McDowell, 6 Wall. 363; for in that case, as it is stated on page 367, "a transcript of the proceedings and decision of the board [of land commissioners] was filed in the district court; this

operating, under the statute of August 31, 1852, as an appeal by the party against whom the decision was given." The customs administrative act of 1890 contains no such clause, nor anything like it. The decision of the circuit court is affirmed.